Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 191118-47623
DATE: October 29, 2021

REMANDED

Entitlement to compensation under 38 U.S.C. § 1151 for amputation of right lower extremity (RLE) (claimed as amputation of both legs) is remanded.

Entitlement to compensation under 38 U.S.C. § 1151 for amputation of left lower extremity (LLE) (claimed as amputation of both legs) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1964 to August 1975. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran disagreed with the January 2019 rating decision and chose to appeal directly to the Board by submitting a VA Form 10182 notice of disagreement (NOD) in November 2019. The Veteran selected the Board Hearing Docket option (Hearing docket) under the AMA review system. By choosing this option, the Veteran requested a Board hearing with a Veteran's Law Judge (VLJ) and is allowed to submit additional evidence in support of the claim during a set, limited time period. 38 C.F.R. § 20.302. 

Under the Hearing docket, the evidentiary record on appeal includes the evidence considered by the AOJ at the time of the supplemental claim decision of the issue(s) on appeal, which in this case is evidence of record as of January 8, 2019, as well as any evidence submitted by the Veteran or his or her representative at the hearing, to include hearing testimony, and any evidence submitted by the Veteran or his or her representative within 90 days following the hearing. 38 C.F.R. § 20.303(a). Evidence submitted outside of the permitted evidence window cannot be considered by the Board. Id. 

The Veteran and his representative participated in a videoconference hearing with a VLJ on August 6, 2021. A transcript of that proceeding will be attached to the file. Under Oath, the Veteran waived the 90-day permitted evidence window.

The Veteran's appeal has been advanced on the docket. 38 U.S.C. § 7107(a)(2) (2012); 38 C.F.R. § 20.900(c) (2020). 

1. Entitlement to compensation under 38 U.S.C. § 1151 for amputation of RLE and LLE (claimed as amputation of both legs) is remanded.

The Veteran is seeking compensation under 38 U.S.C. § 1151 for amputation of his lower extremities. He contends that the delay in his treatment, diagnosis, and/or referral to an appropriate specialist led to the disease that caused his amputations. See August 2021 Board Hearing Tr. 

Unfortunately, the Board finds that a remand is warranted to correct duty to assist errors that occurred prior to the June 2019 supplemental claim rating decision on appeal. Specifically, the Board notes that the RO obtained a medical opinion regarding this issue in December 2018. This medical opinion inadequate for adjudication. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

Here, in providing his opinion regarding the Veteran's knee amputations, the examiner asserted that after thorough review of available medical records, the Veteran's claimed condition of above the knee amputation of both legs was not caused by or worsened as a result of the VA treatment of his arthritis. In relevant part, the examiner asserted that the veteran did not complain of symptoms of claudication that would have prompted an evaluation of his peripheral vasculature. 

In asserting that the Veteran did not complain of claudication, the VA examiner did not address the VA treatment records and private treatment records indicating that the Veteran had experienced coldness in his feet, his history of pain, or an opinion of record indicating that the Veteran had had the disability for several years. See, e.g., March 2017 Private Opinion; October 2016 Private Treatment Record; December 2014 VA Treatment Record. As such a remand for a new opinion is warranted.

The matters are REMANDED for the following action:

1. Obtain from an appropriately qualified clinician an addendum opinion with regard to the Veteran's § 1151 claim. The Veteran contends that a delay treatment/diagnosis/referral resulted in an additional disability and his amputation.

In doing so, the examiner is asked to address the likelihood of whether any delay in diagnosing/treating/ and or referring the Veteran to an appropriate specialist from the time he first sought treatment for disability resulted in an additional disability (i.e. amputation).

If so, was this delay in treatment an act of carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of the VA, or by an event not reasonably foreseeable, in furnishing medical care.

The clinician should consider the Veteran's competent lay statements and supporting medical evidence, to specifically include the March 2017 Private Opinion; October 2016 Private Treatment Record; December 2014 VA Treatment Record.

2. A complete rationale must be provided for all opinions offered. If an opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what additional evidence, if any, would allow for a more definitive opinion.

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Kaufer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.